DECISION AND JOURNAL ENTRY
Appellant-defendant Drew Parker, Sr., appeals from the denial of his postconviction relief petition in the Lorain County Court of Common Pleas. This Court affirms.
Parker was convicted and sentenced on sixteen counts of gross sexual imposition and four counts of felonious sexual penetration. This Court upheld his convictions. State v. Parker (Mar. 1, 2000), Lorain App. No. 98CA007158, unreported. Parker filed a postconviction relief petition in the trial court on May 25, 1999. The trial court denied Parker's petition on October 29, 1999.
Parker timely appeals the trial court's denial of his postconviction relief petition, asserting one assignment of error:
 Assignment of Error The trial court erred in denying the petition for postconviction relief without a hearing on the grounds of res judicata, when the petition alleges that the petitioner received ineffective assistance of counsel supported by evidence outside the record.
 Parker asserts that the trial court erred when it denied his petition for postconviction relief on the grounds of res judicata without an evidentiary hearing. However, in addressing Parker's assignment of error, this Court need not reach the underlying merits of his argument because Parker has failed to satisfy the threshold prerequisites permitting consideration of his postconviction relief petition.
Parker was sentenced on June 19, 1998. He filed a direct appeal from his conviction on July 16, 1998. On May 25, 1999, Parker filed his first postconviction relief petition. R.C.2953.21(A)(2) provides that a postconviction relief petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" The trial transcript in Parker's direct appeal of his judgment of conviction was filed on November 25, 1998. Therefore, Parker's petition was required to be filed by Monday, May 24, 1999. Because Parker did not file his petition for postconviction relief until Tuesday, May 25, 1999, the trial court was barred from entertaining his petition unless Parker met the requirements set forth in R.C. 2953.23. See State v. Cool (Oct. 13, 1999), Summit App. No. 19329, unreported, appeal not allowed by (1999),87 Ohio St.3d 1495.
An untimely postconviction relief petition is governed by R.C. 2953.23(A), which provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 Parker has failed to satisfy the criteria under R.C. 2953.23(A) permitting consideration of his petition for relief. Parker did not even attempt to show by clear and convincing evidence that, but for the alleged constitutional error, a reasonable factfinder would have found him innocent of the charges to which he pled guilty. As such, he failed to satisfy R.C. 2953.23(A)(2).[1] Accordingly, the trial court was precluded from addressing Parker's petition on its merits. See R.C. 2953.23(A).
The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
[1] Because Parker's failure to satisfy R.C. 2953.23(A)(2) is dispositive of this appeal, this Court need not address whether Parker also failed to satisfy R.C. 2953.23(A)(1).